IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **GREGORY KONRATH**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16 C 10801 |
| | ) | |
| **ANN KONRATH**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This the third pro se action filed by Gregory Konrath ("Konrath") that has been assigned to this Court's calendar. In addition to the sprawling narrative in his 7-page complaint,[1] Konrath has tendered a Motion for Attorney Representation ("Motion") form made available by the Clerk's Office of this District Court.

It is difficult to know just where to start, for Konrath has continued his pattern of violating fundamental rules that was evidenced in the other two cases previously assigned to this Court's calendar. For one thing, he has continued his gaming of the system in financial terms -- this time he has not complied with his obligation under 28 U.S.C. § 1915 ("Section

---

[1] Docket No. 1, the photocopied counterpart of which has been delivered to this Court's chambers (Konrath filed no copies of the document with the Clerk's Office), comprises 14 pages, but half of those are unfilled-out forms provided by Westville Correctional Facility ("Westville"), where Konrath is in custody. Obviously Konrath handprinted his narrative on the blank reverse sides of those forms, and in printing out the original Complaint for docket purposes someone in the Clerk's Office reproduced both the front and back of each page. So the docketed document presents the oddity of alternating pages, with the photocopy of each handprinted narrative page followed by the photocopy of the reverse side of that page, then in turn by the next narrative and its reverse side -- so that 7 substantive pages became 14 pages in the docket.

1915") to accompany his Complaint with a printout of transactions in his trust fund account for the six-month period preceding the filing of his action.[2]

Even more fundamentally, Konrath's Complaint and action do not come within the subject matter jurisdiction of this (or any other) federal court. On that score this opinion will briefly advert to Konrath's several alternative jurisdictional claims.

First, his attempted invocation of 42 U.S.C. §§ 1983 and 1985(3) (respectively referred to for convenience as "Section 1983" and "Section 1985(3)") is dead wrong, the first of those sections because none of Konrath's targeted defendants is a "state actor" (that is, none of them acted "under color of law" in the legal sense applicable to Section 1983) and the second of those sections because the conspiracies in violation of constitutional civil rights that form the permissible gravamen of claims under that statute are totally different from the purported conspiratorial activity to which Konrath claims he was subjected. In short, there is no predicate for asserting any federal-question jurisdiction.

---

[2] Motion ¶ 4 has a handprinted "No" next to the Motion form's statement "I have attached an original Application for Leave to Proceed *In Forma Pauperis* detailing my financial status." Instead Konrath has placed an "X" next to the statement "I have previously filed an Application for Leave to Proceed *In Forma Pauperis* in this case, and it is still true and correct." That latter statement must refer to such an Application filed in one of the two earlier cases referred to above -- but in that respect Konrath has cheated on the statutory Section 1915 requirement in the manner referred to in the attached e-mail from the Westville trust fund officer to this Court's law clerk, sent in response to a request prompted by this Court's having noted the suspicious nature of Konrath's In Forma Pauperis Application in light of his self-acknowledged earnings of nearly $600,000 in his last year of medical practice, a sum much below his earnings of far more than $1 million in earlier years. As the contemporaneously issued supplement to this opinion will explain, this Court is ordering Konrath to disclose both the causes and circumstances of his claimed current indigency and whether the substantial monthly deposits to his trust fund account that he has described as having emanated from his mother might instead find their origin in Konrath's own prior earnings. That supplement also addresses other financial aspects of Konrath's litigative torrent described there.

As for diversity of citizenship as a potential fount of federal jurisdiction, it is true that Konrath claims Indiana citizenship, while his ex-wife Ann (one of the defendants named here) is said to be an Illinois citizen. But that ignores the fact that Konrath's other named defendant -- Unity Healthcare, LLC -- is Indiana-based, so that the states of citizenship of its members (which constitute the relevant citizenship of an LLC for federal purposes) no doubt share his Indiana citizenship. That being the case, the requisite total diversity does not exist, so that Konrath strikes out on that score as well.

Finally, as if those matters were not enough to deep-six the Complaint and this action (and they surely are), it appears that Konrath may also have pleaded himself out of court in limitations terms. Here is what he says at the end of the first paragraph of the Complaint:

This claim is for events that happened in Indiana is [sic] 1999 through 2011.

According to page 6 of the Complaint (page 11 of Dkt. No. 1), "Indiana has a two-year statute of limitations." This Court has no need to look into that assertion because the case cannot survive in any event, but in an effort to bring himself within that stated limitations period Konrath seeks to rely on his asserted Type II bipolar disorder as though that constituted a "legal disability" of the type that tolls a statute of limitations. That is certainly a novel theory, but this Court will not trouble itself to investigate its viability -- it is after all unnecessary to kill a snake more than once, and what has been said earlier more than suffices to require the dismissal of both the Complaint and this action.

One last point must be added. After this opinion had been dictated and transcribed and was awaiting the transcription of its edited version, this Court received from its colleague Honorable Thomas Durkin a copy of his November 28, 2016 order in another new case brought by Konrath: Konrath v. Alvado, Case No. 16 C 10802. That order, a copy of which is attached

to the supplement referred to in n.2, reveals that Konrath has already sustained far more than three "strikes" that under 28 U.S.C. § 1915(g) disentitle him to in forma pauperis treatment. That being the case, his very tendering of the Complaint in this action obligates him to pay the $400 filing fee, and this Court hereby adds an order compelling Konrath to remit that amount to the Clerk of this District Court to its previously announced order dismissing the Complaint and this action. Lastly, the Motion is denied as moot.

                                                Milton I. Shadur
                                                Senior United States District Judge

Date: November 29, 2016



**RE: Trust Fund Account Request, ID: 254068**

Stone, Geri    to: Jonathan_Baker@ilnd.uscourts.gov    11/09/2016 12:46 PM

From:  "Stone, Geri" <gstone@idoc.IN.gov>
To:    "Jonathan_Baker@ilnd.uscourts.gov" <Jonathan_Baker@ilnd.uscourts.gov>

I have received a lot of U.S. District court orders. The first few required an Initial Partial Filing Fee of $ 70.70 or $ 82.80. He was receiving regular funds from the street because these fees were not being taken. Once the orders started filing in, he quit receiving funds because he knew they were due and I would hold them on his account and pay towards the fees on at least five of the orders.

He sent out two (2) large mailings on certified mail. When I noticed that, I returned all his mail requesting to be Certified. He could mail, but not at any special rates because he became indigent or without funds to cover the charges. I am still receiving orders with Initial Partial Filing Fees and he has no funds available for any of them. I'm trying to understand why he is allowed to continue filing these orders.

**From:** Jonathan_Baker@ilnd.uscourts.gov [mailto:Jonathan_Baker@ilnd.uscourts.gov]
**Sent:** Wednesday, November 09, 2016 12:03 PM
**To:** Stone, Geri
**Subject:** RE: Trust Fund Account Request, ID: 254068

**** This is an EXTERNAL email. Exercise caution. DO NOT open attachments or click links from unknown senders or unexpected email. ****

Dear Ms. Stone,

The information you sent me for Mr. Konrath appears to only go through September 2. Can you send me the rest of the information through October 6? And if there is not any, can you provide a reason for why that is?

Thanks,

Jonathan

From:    "Stone, Geri" <gstone@idoc.IN.gov>
To:      "Jonathan_Baker@ilnd.uscourts.gov" <Jonathan_Baker@ilnd.uscourts.gov>
Date:    11/09/2016 11:33 AM
Subject: RE: Trust Fund Account Request, ID: 254068

You're welcome.

Ex. 3

ATTACHMENT