IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **GREGORY KONRATH**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16 C 10801 |
| | ) |
| **ANN KONRATH**, et al., | ) |
| | ) |
| Defendants. | ) |

## SUPPLEMENT TO MEMORANDUM OPINION AND ORDER

This Court has just issued a memorandum opinion and order (the "Opinion") in the third case it has received from frequent litigant Gregory Konrath ("Konrath"),[1] a prisoner serving time in Westville, Indiana's Westville Correctional Facility ("Westville"). That Opinion has, just as was true of Konrath's two earlier cases assigned to this Court's calendar (Case Nos. 16 C 9539 and 16 C 9541), dismissed both Konrath's Complaint and his action in this case for good and sufficient reasons.

There is nothing unique about a judge's receiving more than one case from the same plaintiff over time -- in that respect this District Court has sensibly adopted LR 40.3(b)(1), which provides for direct assignment to the same judge rather than the normal computer-driven random assignment system under certain circumstances. It is obvious that a judge who is already aware of a plaintiff's prior litigation history is often likely to have knowledge of some factor or factors that may be relevant to the proper disposition of that same plaintiff's current litigation -- factors

---

[1] As shown a bit later, that "frequent litigant" characterization is really a major understatement.

of which a judge with no prior exposure to the litigant is unaware. So this Court has had a substantial number of such "pen pals" with more than one case assigned to its calendar over some period of time.

Konrath, however, is dramatically different. Just as the Opinion was being put into final edited form for issuance, this Court's colleague Honorable Thomas Durkin provided it with a copy of his attached order issued a day earlier in Case No. 16 C 10802 that disclosed the truly appalling story of Konrath's abuse of the judicial system -- mostly in the Indiana District Court, but recently in this District Court as well.[2] This Court had earlier harbored serious misgivings about Konrath from what he himself has disclosed in the limited number of cases brought to its calendar, and it is painfully obvious that Konrath's course of conduct cannot be allowed to continue unchecked without his being ordered to answer some serious questions.

Here are the initial ones, which must be responded to on or before December 28, 2016:

1. Konrath has described himself as having earned nearly $600,000 from his successful medical practice in what was apparently his last active year before his conviction, trial and sentencing, with his earnings a few years earlier having amounted to some $1.7 million. Elsewhere Konrath has referred to a $4 million award to his ex-wife Ann (whom he has sought to sue in his current lawsuit before this Court) in connection with their divorce. Konrath is ordered to provide a sworn explanation of his net worth for the period beginning two years before that $1.7 million year to

_____

[2] That information about Konrath's prior history was obtained from this District Court's valuable cadre of staff attorneys assigned to monitoring the substantial volume of prisoner lawsuits filed in this District.

the current date (in which he claims indigency), together with copies of his federal income tax returns for the same years (which will be filed under seal by the Clerk's Office, so as not to become available to the general public).

2. If any portion of Konrath's assets has been conveyed or assigned to any other person (including Konrath's mother) during that same time frame, Konrath is ordered to provide a sworn explanation of not only the amounts but also the circumstances occasioning any such transfers.

Konrath is informed that by recently filing his numerous lawsuits in this judicial district he has submitted himself to jurisdiction here. That being the case, any noncompliance with this Court's orders could constitute civil contempt, which might be met with an order that he be detained in custody until he purges himself of such contempt. This Court has of course reached no conclusion on that score, but it is only fair to apprise nonlawyer Konrath of that possibility.

                                                  Milton I. Shadur
                                                  Senior United States District Judge

Date: November 29, 2016

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Gregory Konrath (#254068), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16 C 10802 |
| | ) | |
| v. | ) | |
| | ) | Judge Thomas M. Durkin |
| Michael Alvado, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff having "struck out" under 28 U.S.C. § 1915(g), the Court on its own motion denies him leave to proceed *in forma pauperis*. Plaintiff must pay the full statutory filing fee of $400.00 within fifteen days of the date of this order. Failure to pay the $400.00 filing fee within fifteen days will result in summary dismissal of this case. *See* Local Rule 3.3(e) (N.D. Ill).

## STATEMENT

Plaintiff Gregory Konrath, an Indiana state prisoner, has brought this *pro se* civil action purportedly for attorney malpractice stemming from Defendant's actions during Plaintiff's divorce.

Plaintiff has neither paid the statutory filing fee nor filed a motion for leave to proceed *in forma pauperis*. A review of Plaintiff's litigation history on U.S. PACER reveals that he is barred from proceeding without paying the full statutory filing fee in advance.

The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a Court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

At least eleven of Mr. Konrath's approximately fifty-three prior federal actions, all of which were filed while he was incarcerated or detained, have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Konrath v. DeSanctis*, Case No. 16 CV 0518 (N.D. Ind.), dismissed for failure to state a claim by Opinion and Order of October 26, 2016 (DeGuilio, J.); *Konrath v. Embrey*, Case No. 16 CV 0519 (N.D. Ind.), dismissed on preliminary review pursuant to 28 U.S.C. § 1915A, *see* Opinion and Order of August 22, 2016 (Simon, J.); *Konrath v. Sands*, Case No. 16 CV 0520 (N.D. Ind.), summarily dismissed on threshold review pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) on the basis of

ATTACHMENT

prosecutorial immunity, *see* Opinion and Order of August 17, 2016 (Lozano, J.); *Konrath v. State of Indiana*, Case No. 16 CV 0536 (N.D. Ind.), dismissed pursuant to 28 U.S.C. § 1915A as "frivolous," *see* Opinion and Order of September 19, 2016 (Moody, J.); *Konrath v. Huneryager*, Case No. 16 CV 0667 (N.D. Ind.), dismissed as "malicious" by Order of October 12, 2016 (Lozano, J.); *Konrath v. Sands*, Case No. 16 CV 0677 (N.D. Ind.), dismissed pursuant to 28 U.S.C. § 1915(b)(1) as malicious by Order of October 13, 2016 (DeGuilio, J.); *Konrath v. Miami County, Indiana*, Case No. 16 CV 0678 (N.D. Ind.), dismissed as malicious by Order of October 17, 2016 (Lee, J.); *Konrath v. Huneryager*, Case No. 16 CV 0679 (N.D. Ind.), dismissed as malicious by Order of October 13, 2016 (Lee, J.); *Konrath v. DeSanctis*, Case No. 16 CV 0680 (N.D. Ind.), dismissed as malicious by Order of October 13, 2016 (DeGuilio, J.); *Konrath v. Hughes*, Case No. 16 CV 0712 (N.D. Ind.), dismissed as malicious by Order of October 25, 2016 (Lozano, J.); and *Konrath v. Ruiz*, Case No. 16 CV 9539 (N.D. Ill.), dismissing complaint on initial review as time-barred, s*ee* Memorandum Opinion and Order of October 11, 2016 (Shadur, J.); *see also* Memorandum Opinion and Order of October 27, 2016, at p. 2 (reiterating that Konrath's claims were "legally frivolous").

Moreover, the dismissal of *Konrath v. State of Indiana*, Case No. 16 CV 9541 (N.D. Ill.), for lack of subject matter jurisdiction likely constitutes an additional strike because, irrespective of whether there was a legal ground for bringing suit in Illinois, the State of Indiana has Eleventh Amendment immunity. *See* Memorandum Opinion and Order of October 17, 2016 (Shadur, J.); *see also Steele v. Cottey*, 234 F.3d 1274 (7th Cir. 2000) (unpublished decision) (affirming that a complaint dismissed for lack of subject matter jurisdiction rather than for frivolousness or failure to state a claim "was indeed frivolous" and counted as a "strike" because the *Rooker-Feldman* doctrine "clearly preclude[d]" the federal lawsuit). In short, Plaintiff has incurred more than three strikes to date.

The instant complaint does not involve imminent danger of serious physical injury. In the case at bar, Plaintiff seems to contend that certain Chicago attorneys mistreated and discriminated against him several years ago, as well as committed legal malpractice. But as Plaintiff is currently incarcerated in Indiana, Defendants could not conceivably pose any physical threat to him. The Court need not determine at this point whether Plaintiff is attempting to relitigate claims against individuals he has already sued. Moreover, the timeliness of Plaintiff's claims is not yet at issue. At this stage, the Court points out only that Plaintiff has "struck out," and that he cannot claim imminent danger of serious physical injury. Consequently, 28 U.S.C. § 1915(g) prevents Plaintiff from proceeding without the full prepayment of the $400.00 filing fee.

For the foregoing reasons, the Court therefore denies Plaintiff's motion for leave to file *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). If Plaintiff fails to pay the $400.00 filing fee within fifteen days, the Court will enter judgment dismissing this case in its entirety. *See* Local Rule 3.3(e) (N.D. Ill).


Date: 11/28/2016 /s/ Thomas M. Durkin